UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- x
RENAE LEWIS,                          :  Case No.: _____
                                      :
              Plaintiff,              :
                                      :
         vs.                          :  Jury Trial Demanded
                                      :
CONVERGENT OUTSOURCING, INC.          :  **COMPLAINT**
and DOES 1-10, Inclusive,             :
                                      :
              Defendant.              :
---------------------------------------------------------- x

Renae Lewis ("Plaintiff"), by and through undersigned counsel, states as follows:

## JURISDICTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendants transact business in this District, Plaintiff resides in this District, and as a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Plainfield, Connecticut.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

1

6. Defendant Convergent Outsourcing, Inc. ("Convergent") is a Corporation with its principal place of business located at 800 SW 39th Street, Renton, WA 98055. Defendant may be served with process through their registered agent, CT Corporation System, 67 Burnside Avenue, East Hartford 06108-3408.

7. The principal purpose of the Defendant Convergent is the collection of debts using the mail and telephone.

8. The Defendant Convergent regularly, collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. DOES 1-10 (the "Agents") are natural persons who were employed at all times relevant herein by Defendant Convergent as collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6). The identities of Defendants Does 1-10 are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

10. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

11. Defendants' collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

12. The Defendant attempted to collect a debt from the Plaintiff.

13. The debt that the Defendant attempted to collect was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt with Paypal, Inc. Sometime thereafter, the debt ("the Debt") was consigned, placed or otherwise transferred to Defendant Convergent for collection from Plaintiff.

2

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely debt from a personal credit card in the Plaintiff's name.

15. Sometime after incurring the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

16. On or before May 7, 2018, the Debt was referred by Paypal, Inc. to the Defendant Convergent for the purpose of collections.

17. Defendant Convergent contends that was Debt is past-due and in default.

18. At the time the Debt was referred to Defendant Convergent, the Debt was past-due.

19. At the time the Debt was referred to Defendant Convergent, the Debt was in default.

20. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

21. On or about April 30, 2018, Defendant Convergent mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the letter dated April 30, 2018 sent by Defendant to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

22. Defendant Convergent mailed the letter dated April 30, 2018 attached as Exhibit A as a part of their efforts to collect the Debt.

23. Plaintiff received the letter attached as Exhibit A in the mail.

24. Plaintiff read the letter attached as Exhibit A upon receipt of the letter in the mail.

25. Exhibit A was sent in connection with the collection of the Debt.

26. Exhibit A conveyed information regarding the Debt including the Account Balance, Defendant's internal account number for the Plaintiff's Debt, and a demand for payment.

27. In May 2018 Plaintiff retained an attorney to represent Plaintiff on various outstanding debts.

28. On or about May 7, 2018 Plaintiff placed a call from her cell phone number 860-XXX-5720 to Defendant Convergent's telephone number 888-999-7989 at approximately 12:47 p.m. to instruct the Defendant Convergent that the Plaintiff had retained counsel on the debts Defendant Convergent was trying to collect.

29. Upon information and belief, Defendants explained that it was attempting to collect a debt from Plaintiff in the phone call, and that the phone call itself was a debt collection attempt.

30. Plaintiff stated to Defendants that she had retained the attorney to advise her as to this debt and provided the Defendants with the attorney's name and telephone number.

31. Upon receiving notice that Plaintiff was represented by an attorney with respect to the Debt, the Defendants were prohibited from making any further communication whatsoever with Plaintiff pursuant to 15 U.S.C. § 1692c.

32. Instead of ending the phone call after the Defendants were told the Plaintiff was represented by an attorney, the Defendants told the Plaintiff that she could settle the Debt for a lesser amount than the amount the Plaintiff allegedly owed.

33. The Defendant no longer owes this debt.

34. Defendants' collection activity has caused Plaintiff to incur actual damages, including but not limited to confusion, stress, and anxiety.

### *Respondeat Superior Liability*

35. The acts and omissions of these individual Defendants Does 1-10 and the other debt collectors employed as agents by Defendant Convergent who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Convergent.

27. In May 2018 Plaintiff retained an attorney to represent Plaintiff on various outstanding debts.

28. On or about May 7, 2018 Plaintiff placed a call from her cell phone number 860-XXX-5720 to Defendant Convergent's telephone number 888-999-7989 at approximately 12:47 p.m. to instruct the Defendant Convergent that the Plaintiff had retained counsel on the debts Defendant Convergent was trying to collect.

29. Upon information and belief, Defendants, explained that it was attempting to collect a debt from Plaintiff in the phone call, and that the phone call itself was a debt collection attempt.

30. Plaintiff stated to Defendants that she had retained the attorney to advise her as to this debt and provided the Defendants with the attorney's name and telephone number.

31. Defendants Convergent hung up on the Plantiff but the Plaintiff immediately called again and spoke to Defendants Convergent.

32. Upon receiving notice the second time that Plaintiff was represented by an attorney with respect to the Debt, the Defendants were prohibited from making any further communication whatsoever with Plaintiff pursuant to 15 U.S.C. § 1692c.

33. Instead of ending the phone call after the Defendants were told by the Plaintiff that she was represented by an attorney, the Defendants told the Plaintiff that she could settle the Debt for a lesser amount than the amount the Plaintiff allegedly owed.

34. The Defendant no longer owes this debt.

35. Defendants' collection activity has caused Plaintiff to incur actual damages, including but not limited to confusion, stress, and anxiety.

### *Respondeat Superior Liability*

36. The acts and omissions of these individual Defendants Does 1-10 and the other debt collectors employed as agents by Defendant Convergent who communicated with Plaintiff as more

4

further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Convergent.

37. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Convergent in collecting consumer debts.

38. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Convergent.

39. Defendant Convergent is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Connecticut law, in their attempts to collect this debt from Plaintiff.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692 et seq.

40. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

41. In their attempts to collect the alleged debt form Plaintiff, Defendants have committed violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, but not limited, the following:

   a. Attempting to collect a debt from Plaintiff after Defendants knew Plaintiff was represented by counsel with respect to the subject debts, in violation of 15 U.S.C. § 1692c, and,

   b. Engaging in harassing, abusive, deceptive, and unconscionable conduct in an attempt to collect a debt, including but not limited to, disregarding the fact that Plaintiff was

5

represented by an attorney in the Defendant's attempt to have the Plaintiff settle the debt over the phone, in violation of 15 U.S.C. §§ 1692d,e,f.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

A. Such other relief as the Court may deem just and proper.

Dated November 9, 2018            Respectfully submitted,

/s/ Kenneth R. Davison
Kenneth R. Davison, Esq. (ct29644)
Action Advocacy PC
One Crouch Street
Groton, CT 06340
Telephone: (860) 449-1510
Facsimile: (860) 449-8046
Email: ken@actionadvocacy.com
Counsel for Plaintiff

**EXHIBIT A**

Convergent

Date: ~~~~~~~
Creditor: Paypal Inc.
Client Account #: ~~~~~~~
Convergent Account #: R-~~~~~~~

Amount Owed: $ 39.95
Total Balance: $ 39.95

Jennifer
Rodriguez - Jaquilla
Gillum

Dear Renae Lewis:

The above referenced creditor has placed your account with our office for collection.

Sincerely,

Regards to Seth.

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

---

Questions about Convergent visit http://convergenthelp.com/

**3 CONVENIENT WAYS TO PAY:**

**Pay Online:** Email our office or pay your bill online with your credit/debit card or checking account at www.~~~~~~~.com.

**Pay by Phone:** Please call Convergent Outsourcing, Inc. at 866-899-7683. We offer check by phone, Western Union, and credit/debit card.

**Pay by Mail:** Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

866-899-7683

Date: 04/30/2018
Creditor: Paypal Inc.
Client Account #: 1528208130541639234
Convergent Account #: R-30828586

Total Balance: $ 39.95
Amount Enclosed: US _____

New Address:
Address: _____
City: _____ ST ____ Zip: _____
Daytime Phone: (___) ___-____
Evening Phone: (___) ___-____

Convergent Outsourcing, Inc.
PO Box 9004
Renton WA 98057-9004

Questions about Convergent visit http://convergenthelp.com/

0300308285660000003995000000000

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Renae Lewis

**(b)** County of Residence of First Listed Plaintiff  Windham
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth R. Davison, Action Advocacy, P.C., One Crouch St., Groton, CT 06340; (860) 449-1510

## DEFENDANTS
Convergent Outsourcing, Inc.

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act |  | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692(k) – Fair Debt Collection Practices Act
Brief description of cause:
Violations of the Fair Debt Collection Practices Act by a Debt Collector

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 10,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/02/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kenneth R. Davison

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____